IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Colors+,** | Case No. 1:25-cv-00078 |
| **Plaintiff,** | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| **Colors+ Counseling, et al.,** | |
| | **CASE MANAGEMENT CONFERENCE** |
| **Defendants.** | **ORDER** |

A Case Management Conference ("CMC") was held in this matter on **June 23, 2025.** The parties and counsel of record agreed to the following, and **IT IS ORDERED** that:

1. This case is assigned to the **standard** track.

2. This case was referred to Alternative Dispute Resolution ("ADR"):

    Yes_____   No _____   Decision delayed _____

    If yes, by the following ADR process:  Early Neutral Evaluation _____   Mediation ___X____

    Arbitration _____   Summary Jury Trial _____   Summary Bench Trial _____

    The parties intend to engage in mediation after completion of written fact discovery but before the completion of fact witness depositions.

    If no or decision delayed: The parties are advised that, if at any time the parties would like to participate in mediation proceedings before a Magistrate Judge, they are directed to file a Joint Request for Referral to Mediation.

3. The parties **do not** consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) at this time.

4. The **pleadings shall be amended without leave of Court and new parties shall be joined on or before July 11, 2025.**

5. The parties **will exchange the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) by June 30, 2025.**

6. As to Electronically Stored Information, the parties (indicate one):

\_\_\_\_\_ agree that there will be no discovery of electronically-stored information; or

\_\_\_X\_\_ have agreed to a method for conducting discovery of electronically-stored information; or

\_\_\_\_\_ have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to Northern District of Ohio Local Rules).

7. **Non-expert discovery shall be completed by December 30, 2025.** Discovery shall be conducted according to the guidelines set forth in Local Rule 16.2 for cases assigned to this track. The Court directs the parties to comply with Local Rule 37.1 and this Court's Discovery Dispute Order (attached hereto as Exhibit 1) before filing any motions seeking aid from the Court in discovery matters.

8. **The Court will set the expert discovery deadline and the deadlines for the exchange of expert reports after it has ruled upon dispositive motions.**

9. **Dispositive Motions shall be filed on or before February 13, 2026.** Responses to dispositive motions must be filed within thirty (30) days of the service of the dispositive motion. Replies must be filed within fourteen (14) days of the service of the response. (*See* Local Rule 7.1.) No sur-reply brief may be filed without leave of Court. No request for an extension of time will be entertained unless it is filed prior to the response date from which extension is sought and it indicates whether opposing counsel consents or objects to the requested extension.

10. A **status conference with lead counsel will be set after the parties have engaged in mediation.** Counsel shall confer within five (5) business days of the scheduled conference to discuss outstanding issues and respective positions as to settlement. Counsel shall provide to the Court within three (3) business days of the conference, a joint Status Report or confidential individual Status Reports describing the status of discovery, settlement positions, and issues to be addressed. The Status Reports need not be filed, but may be delivered via email to Barker_Chambers@ohnd.uscourts.gov.

    **IT IS SO ORDERED**.

Date:  June 23, 2025

    *s/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE