IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Colors +, | Case No. 1:25-cv-00078-PAB |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Colors+ Counseling, LLC, et al., | |
| Defendants. | MEMORANDUM OPINION & ORDER |

Currently pending before the Court is Defendants' Renewed Motion to Show Cause (the "Renewed Motion") (Doc. No. 61.)  For the reasons stated herein, the Court DENIES the Renewed Motion.

I. Background

On November 6, 2025, Defendants filed a subpoena (the "Subpoena") that was issued to "Douglas Lonero, Accountable Accounting, Inc. c/o Michelle Lonero, Statutory Agent, 2910 Marmore Avenue, Parma, Ohio 44134." (Doc. No. 51, PageID #1265.)  The Subpoena's proof of service indicates that counsel for Defendants served the subpoena "by delivering a copy to the named person as follows: by certified mail, Return Receipt No. 9214 8901 9403 8340 5018 94; Please see the attached USPS Proof of Delivery." (*Id.* at PageID #1266.)  The USPS Proof of Delivery appears to bear the signature of someone with the initials "D" and "L", but it is unclear if the signature is Mr. Lonero's.

The Subpoena also contains an attachment with specific discovery requests. (*Id.* at PageID #1269).  By contrast to a typical discovery request, the Subpoena does not define "you" or "your,"

and, thus, it is unclear whether the Subpoena seeks documents from Accountable Accounting, Inc. or from Mr. Lonero in his individual capacity. (*See id.*)

On December 12, 2025, Defendants filed a Motion to Show Cause requesting that this Court issue "an Order requiring third party witness, Douglas Lonero of Accountable Accounting Inc. ("the Witness"), to appear and show cause why he should be not held in contempt for the deliberate refusal to comply with a subpoena." (Doc. No. 60, PageID #1314.) That same day, this Court issued a non-document Order denying that Motion:

> Defendants' Motion to Show Cause (Doc. No. 60) is denied without prejudice. The Certificate of Service does not indicate that the Motion was served upon Douglas Lonero of Accountable Accounting Inc. The Court also notes that the Motion indicates that service of the subpoena upon Mr. Lonero was made by certified mail. Unlike the Ohio Rules of Civil Procedure, the Federal Rules of Civil Procedure do not expressly provide for service of a subpoena by certified mail. Should Defendants refile their Motion, they should adequately explain why service of the subpoena by certified mail was proper. *See Hobbs v. Ohio Adult Parole Auth.*, No. 1:13-cv-928, 2018 U.S. Dist. LEXIS 17325, at *5 (S.D. Ohio Sept. 28, 2018) ("Perhaps more importantly, Rule 45 does not permit service by certified mail, but rather requires that service be made personally by 'delivering a copy to the named person.'"); *Hale v. Bunce*, No. 1:16-cv-02967, 2017 U.S. Dist. LEXIS 223578, at *2 (N.D. Ohio Oct. 3, 2017) ("The court agrees with several district courts that have found personal service is required, as only such service can ensure that the non-party has the opportunity to object to the subpoena"); *but see Powell v. Time Warner Cable, Inc.*, No. 2:09-cv-00600, 2010 U.S. Dist. LEXIS 138883, at *9 (S.D. Ohio Dec. 29, 2010) ("Under the circumstances presented in the instant case, the Court finds that TWC's service of the subject subpoena via certified mail satisfies Rule 45(b)'s service requirements.")

That same day, Defendants filed the Renewed Motion again asking this Court to issue an order "requiring Douglas Lonero of Accountable Accounting Inc. to appear and show cause why he should not be held in contempt." (Doc. No. 61, PageID #1322.) Therein, Defendants argue that "Certified mail was appropriate in this matter under Rule 4(h) of the Federal Rules of Civil Procedure as Accountable Accounting is a corporation, and Mr. Lonero was included as an agent of the

2

corporation." (*Id.* at PageID #1320.) Defendants assert that Mr. Lonero signed the certified mail receipt and "did not object to the subpoena." (*Id.* at PageID #1321.) Defendants further assert that "the Witness requested and was granted additional time - until December 2, 2025 – to respond to the subpoena." (*Id.*) Defendants represent that they did not receive the documents by December 2, 2025, and informed Mr. Lonero that "if the documents were not received by the close of business on December 10, 2025 a motion would be filed with the Court." (*Id.*) According to Defendants, Mr. Lonero did not respond "in any manner." (*Id.*) They accordingly seek an order ordering Mr. Lonero to show cause for why he should not be held in contempt. (*Id.*) They also seek their fees and costs incurred in bringing the Renewed Motion. (*Id.*)

II.     **Analysis**

As a preliminary matter, the Court is not entirely sure whether the Subpoena was issued to Accountable Accounting Inc. or to Mr. Lonero. The Subpoena was issued to "Douglas Lonero, Accountable Accounting, Inc." and was addressed to a statutory agent. Despite representing in the Renewed Motion that "Mr. Lonero was included as an agent of the corporation," Defendants ask this Court to issue an Order against Mr. Lonero personally. Defendants specifically "move this Court for an Order requiring *Douglas Lonero* of Accountable Accounting Inc. to appear and show cause why *he* should not be held in contempt." (Doc. No. 61, PageID #1322.) Defendants have not asked this Court to issue an order requiring Accountable Accounting Inc. to appear and show cause. Thus, the Court's analysis is constrained to whether it should order Mr. Lonero to appear and show cause for why he should not be held in contempt.

Under Fed. R. Civ. P. 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the

3

subpoena or an order related to it." To serve a subpoena, the party must "deliver[] a copy to the named person." Fed. R. Civ. P. 45(b)(1).

In this case, Defendants served the Subpoena by certified mail. The Sixth Circuit has not addressed whether certified mail service satisfies Fed. R. Civ. P. 45(b)(1). Most courts hold that personal service is required to satisfy Rule 45(b)(1):

> The court agrees with several district courts that have found personal service is required, as only such service can ensure that the non-party has the opportunity to object to the subpoena. *See, e.g., McClendon v. TelOhio Credit Union, Inc.*, No. 2:05-CV-1160, 2006 WL 2380601, at *2 (S.D. Ohio Aug. 14, 2006) ("Rule 45(b)(1) requires personal service of subpoenas and does not permit service by certified mail."); *Roofers Local 149 Sec. Ben. Trust Fund v. Milbrand Roofing Grp., Inc.*, No. 05-CV-60218, 2007 WL 2421479, at *1 (E.D. Mich. Aug. 22, 2007) ("Rule 45(b)(1) specifically requires personal service on a non-party"); *cf. Franklin v. State Farm Fire & Cas. Co.*, No. 09-10947, 2009 WL 3152993, at *2 (E.D. Mich. Sept. 30, 2009) ("Courts that have sanctioned alternative means of service under Rule 45 have often done so only after the party requesting the accommodation diligently attempted to effectuate personal service"); *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753 (E.D. Mich. 2011) (recognizing that "[t]he majority of lower courts also have held that Rule 45 requires personal service," but allowing "alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort.").
>
> Furthermore, several decisions from other Circuits have come to the same conclusion. *See, e.g., In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (finding proper service requires personal delivery of the subpoena); *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 37 (D.D.C. 2004) (Rule 45(b)(1) "requires personal service of deposition subpoenas" and leaving the subpoenas at the Department of Justice's mail room or with support staff, was a clear violation of the rule); *Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002) (finding service on a non-party witness at his residence was insufficient even where the witness's spouse was served because the witness was not personally present).

*Hale v. Bunce*, No. 1:16-cv-02967, 2017 U.S. Dist. LEXIS 223578, at *2 (N.D. Ohio Oct. 3, 2017); *accord Great Southland Ltd. v. Landash Corp.*, 2022 U.S. Dist. LEXIS 149623, at *4 (S.D. Ohio June 29, 2022) (denying motion to compel when the party did not personally serve the subpoenas

4

upon the third-party witnesses); *Shulman v. Amazon*, No. 13-5-DLB-REW, 2014 U.S. Dist. LEXIS 113506, at *15–16 (E.D. Ky. Aug. 5, 2014) (same).  Under these decisions, therefore, certified mail service of a subpoena would be insufficient.

There are contrary decisions, however, holding that certified mail service can be proper.  *See Powell v. Time Warner Cable, Inc.*, No. 2:09-cv-00600, 2010 U.S. Dist. LEXIS 138883, at *7–8 (S.D. Ohio Dec. 29, 2010) (collecting authority).  But the "[c]ourts that have sanctioned alternative means of service under Rule 45 often have done so only after the party requesting the accommodation diligently attempted to effectuate personal service."  *Damsi v. Tarpstop, LLC*, No. 3:21-CV-0953, 2023 U.S. Dist. LEXIS 232904, at *31 (N.D. Ohio Oct. 19, 2023) (citing *Cartier v. Geneve Collections, Inc.*, No. 2007-0201 (DLI) (MDG), 2008 U.S. Dist. LEXIS 14714, at *2–3 (E.D.N.Y. Feb. 27, 2008)); *accord Wheel Recovery Sys., LLC v. Nichols*, No. 3:22-CV-342-DCLC-DCP, 2022 U.S. Dist. LEXIS 240143, at *6  (E.D. Tenn. Nov. 2, 2022); *Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. May 2, 2011).

Under either approach, certified mail service here would be improper.  Under the majority approach, certified mail is simply an improper way to serve a subpoena under Rule 45(b)(1).  And even if the Sixth Circuit were to adopt the minority approach, certified mail would not be proper because Defendants have not argued that they "diligently attempted to effectuate personal service" before attempting certified mail service.  Therefore, without evaluating which approach this Court believes the Sixth Circuit would adopt, under the circumstances of this case, certified mail service is improper.

The Court further rejects Defendants' argument that Rule 4(h) permits certified mail service upon Mr. Lonero.  To be sure, Rule 4(h) permits service of the summons and complaint upon a

5

corporation by certified mail. *See* Fed. R. Civ. P. 4(h)(1)(a) (permitting service in a manner prescribed by Rule 4(e)(1) for serving an individual); Fed. R. Civ. P. 4(e)(1) (permitting service by methods authorized by state law); Ohio R. Civ. P. 4.1(A)(1)(a) (permitting service by certified mail). And courts have found that Rule 4(h) can be used to effectuate service of a subpoena upon a corporation. *See Damsi*, 2023 U.S. Dist. LEXIS 232904 at *31 (analyzing whether service of a subpoena upon a corporation complied with Rule 4(h)); *see also Newbrook Shipping Corp. v. Global Mktg. Sys. (In re Application of Newbrook Shipping Corp.)*, 31 F.4th 889, 897 (4th Cir. 2022) (same).

Rule 4(h), by it plain terms, has no application on Mr. Lonero. Rule 4(h) applies to "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name." Thus, even assuming Rule 4(h) permits certified mail service of a subpoena upon a corporation, it cannot be used to serve a subpoena upon an individual.[1]

For all these reasons the Court declines to issue an Order requiring Mr. Lonero to appear and show cause for why he should not be held in contempt.

### III. Conclusion

For the reasons set forth herein, the Court DENIES the Renewed Motion (Doc. No. 61).

**IT IS SO ORDERED.**

Date: December 29, 2025

      *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[1] Because Defendants have not asked this Court to enforce the Subpoena upon Accountable Accounting, the Court offers no opinion as to whether service of the Subpoena was effectuated upon it through Rule 4(h).